UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**ANTHONY ANGLIN**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

   v.

**GREEN COUNTY EMERGENCY MEDICAL SERVICE, INC.**,

        Defendant.

Case No. 25-cv-875

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This lawsuit is a collective and class action brought by Individual and Representative Plaintiff, Anthony Anglin ("Plaintiff"), on behalf of himself and on behalf of the proposed classes, against Green County Emergency Medical Service, Inc. ("Defendant"), to recover unpaid minimum, regular, and overtime wages, liquidated damages, civil penalties, and attorney fees and costs under the Fair Labor Standards Act ("FLSA") and/or Wisconsin wage and hour laws. Plaintiff and other similarly situated employees work for Defendant as paramedics and similar emergency medical response roles. During the three years preceding this lawsuit, Plaintiff and other similarly situated employees were denied minimum, regular, and overtime wages under four illegal pay policies. Under the first policy, Defendant paid Plaintiff and other similarly situated employees an agreed-upon hourly rate for time

spent "on ambulance," but it paid a different sub-minimum wage rate for "on call" time spent waiting to be called into the field. Second, Defendant failed to accurately record all of Plaintiff and other similarly situated employees' hours worked "on ambulance," resulting in failure to pay the agreed-upon wages for those hours. Under the third policy, Defendant refused to pay Plaintiff and other similarly situated employees for performance of work duties including mandatory cleaning, training, and attendance at administrative meetings. Under the fourth policy, Defendant did not pay Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek. Specifically, Defendant failed to account for "on call" and unpaid hours, as alleged, worked when calculating and paying overtime wages. Plaintiff, on behalf of himself and the putative classes, allege that the foregoing policies violate the FLSA and Wisconsin wage and hour law, which require employees to be compensated for all time worked, including time required by the employer and pursued necessarily and primarily for the benefit of the employer, at no less than the minimum wage rate. Plaintiff and members of putative classes and collective classes (defined below) are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA as they commonly suffered, and continue to suffer, wage losses as a result of Defendant's illegal pay policies.

## JURISDICTION AND VENUE

2.  The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law

claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

4. Anthony Anglin is an adult resident of Monroe, Wisconsin. He has consented in writing to assert claims for unpaid regular and overtime wages under the FLSA. His consent form is filed as **Exhibit 1.**

5. Defendant Green County Emergency Medical Service, Inc., is a non-stock corporation with its principal office at 1800 12th Street, Monroe, Wisconsin 53566. Its registered agent is Daniel J. Nufer at 1800 12th Street, Monroe, Wisconsin 53566.

6. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and Wis. Stats. §§ 103.001(6) and 109.01(2).

## FACTUAL ALLEGATIONS

7. Throughout the three years preceding the filing of this action, Plaintiff and members of the putative classes are or were employed as paramedics by Defendant.

3

8. "Paramedics" includes employees classified by Defendant as an EMT, non-EMT driver, AEMT, EMT-I/99, paramedic, and critical care paramedic.

9. Throughout the three years preceding the filing of this action, Defendant had uniform policies and practices applicable to paramedics, as defined above.

10. Throughout the three years preceding the filing of this action, Defendant classified Plaintiff and members of the putative classes as non-exempt from minimum and overtime wages.

11. Defendant agreed to pay paramedics an hourly wage for all hours worked "on ambulance."

12. Defendant agreed to pay paramedics at a rate less than minimum wage for what Defendant deemed "on call" hours. Plaintiff was paid $3.00 per daytime "on call" hour and $6.00 per nighttime "on call" hour.

13. During "on call" hours, Defendant required paramedics to respond to the worksite in uniform within four minutes of a call or to otherwise remain on site.

14. Plaintiff and members of the putative classes spent most of their "on call" hours on site or were otherwise so close thereto that they could not use the time effectively for their own purposes.

15. Paramedics log their "on ambulance" hours through "run sheets" that record the date, time, and location of, and the medical care administered during an ambulance "run."

16. Defendant regularly altered paramedics' run sheets after they were submitted to reduce the number of "on ambulance" hours.

17. Defendant paid paramedics at their "on call" rate for hours removed from run sheets.

18. Defendant expected paramedics to attend mandatory scheduled on-site cleaning, trainings, and administrative meetings.

19. These scheduled on-site cleanings, trainings, and administrative meetings are controlled by Defendant and pursued necessarily and primarily for the benefit of Defendant.

20. Defendant failed to pay paramedics any hourly wage for attendance and participation in scheduled on-site cleaning, trainings, and administrative meetings.

21. Defendant regularly scheduled paramedics to work more than 40 hours in a workweek.

22. Paramedics regularly worked more than 40 hours in a workweek.

23. Defendant did not include "on call" hours or unpaid work-hours spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings when calculating overtime pay.

24. As a result, Defendant failed to pay Plaintiff and members of the putative classes at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **FLSA Minimum Wage Collective Class** is defined as follows:

>All persons who have been or are employed as paramedics by Green County Emergency Medical Service, Inc., at any time during the past three years, and who were paid less than the minimum wage for any hour(s) worked.

26. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **FLSA Overtime Collective Class** is defined as follows:

>All persons who have been or are employed as paramedics by Green County Emergency Medical Service, Inc., at any time during the past three years, and who worked more than 40 hours in at least one workweek and were not paid overtime wages for every hour worked over 40 in a week.

27. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Agreed-Upon Wage Class** is defined as follows:

>All persons who have been or are employed as paramedics by Green County Emergency Medical Service, Inc., at any time during the past two years, and who were paid less than their agreed-upon rate for all "on ambulance" work hours.

28. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Regular and Minimum Wage Class** is defined as follows:

>All persons who have been or are employed as paramedics by Green County Emergency Medical Service, Inc., at any time during the past two years, and who were paid less than minimum wage for any hour(s) worked.

29. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated employees pursuant to Fed. R. Civ. P. 23. The **Wisconsin Overtime Wage Class** is defined as follows:

6

> All persons who have been or are employed as paramedics by Green County Emergency Medical Service, Inc., at any time during the past two years, and who worked more than 40 hours in at least one workweek and were not paid overtime wages for every hour worked over 40 in a week.

30. Plaintiff brings the Third Claim for Relief on behalf of the **Wisconsin Agreed-Upon Wage Class**, as defined in paragraph 27, *supra*, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

31. Plaintiff brings the Fourth Claim for Relief on behalf of the **Wisconsin Regular and Minimum Wage Class**, as defined in paragraph 28, *supra*, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

32. Plaintiff brings the Fifth Claim for Relief on behalf of the **Wisconsin Overtime Wage Class**, as defined in paragraph 29, *supra*, pursuant to Federal Rule of Civil Procedure 23(a) and (b).

33. The members of these classes are so numerous that joinder of all members is impracticable. On information and belief, Defendant has employed more than 30 people who satisfy each Class definition.

34. There are questions of law and fact common to these classes that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a. whether Defendant maintained a policy or practice of failing to pay paramedics regular and/or minimum wages for all hours worked, including "on call" hours and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings;

   b. whether Defendant maintained a policy or practice of failing to pay paramedics at their agreed-upon rate for all "on ambulance" work hours;

7

  c. whether Defendant maintained a policy or practice of failing to pay paramedics at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, including for "on call" hours and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings in overtime calculations;

  d. the nature and amount of compensable work performed by Plaintiff and members of the putative classes, including compensability of "on call" versus "on ambulance" hours, and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings;

  e. whether the putative classes were denied wages owed under federal and state regulations as a result of Defendant's foregoing policies and practices; and

  f. the proper measure of damages sustained by Plaintiff and members of the putative classes.

35. Plaintiff's claims are typical of those of the proposed state law classes. Plaintiff, like other members of the putative classes, was subjected to Defendant's policies and practices of failing to pay paramedics at regular or minimum wage for all compensable work hours, including for "on call" hours and for time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings. Plaintiff, like other members of the putative classes, was also subjected to Defendant's policies and practices of failing to pay paramedics at their agreed-upon hourly rate for all "on ambulance" hours. Plaintiff, like other members of the putative classes, was also subjected to Defendant's policies and practices of failing to compensate all hours worked over 40 in a single workweek at one and one-half times their regular rate of pay, including "on call" hours and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings in overtime

8

calculations. As a result, Plaintiff and members of the putative classes suffered regular and overtime wage loss.

36.  Plaintiff will fairly and adequately protect the interests of the **Wisconsin Agreed-Upon Wage Class**, the **Wisconsin Regular and Minimum Wage Class**, and the **Wisconsin Overtime Wage Class** and has retained counsel experienced in complex wage and hour litigation.

37.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a defendant with more resources.

38.  Certification of the **Wisconsin Agreed-Upon Wage Class**, the **Wisconsin Regular and Minimum Wage Class**, and the **Wisconsin Overtime Wage Class** is appropriate under Rule 23(b)(3) because questions of law and fact common to the putative classes predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's uniform policies and practices denied the **Wisconsin Agreed-Upon Wage Class**, the **Wisconsin Regular and Minimum Wage Class**, and the **Wisconsin Overtime Wage Class** wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the

9

need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

39. Plaintiff intends to send notice to all members of the **Wisconsin Agreed-Upon Wage Class**, the **Wisconsin Regular and Minimum Wage Class**, and the **Wisconsin Overtime Wage Class** to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff, individually and on behalf of the FLSA Minimum Wage Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

41. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

42. Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

43. Plaintiff and the FLSA Minimum Wage Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

44. Plaintiff and the FLSA Minimum Wage Collective Class are not exempt from the minimum wage requirements of the FLSA.

45. As alleged above, throughout the three years preceding the filing of this action, Defendant failed to pay Plaintiff and the FLSA Minimum Wage Collective Class at a minimum wage rate of $7.25 per hour, including for "on call" hours and

time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings that are compensable under the FLSA.

46. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 206. Because of these violations, Plaintiff and the FLSA Minimum Wage Collective Class were deprived of payment of the full minimum wage of $7.25 per hour.

47. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the FLSA Minimum Wage Collective Class minimum wage compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff, individually and on behalf of the FLSA Overtime Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

49. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

50. Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

51. Plaintiff and the FLSA Overtime Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

52. Plaintiff and the FLSA Overtime Collective Class are not exempt from the overtime pay requirements of the FLSA.

53. As alleged above, throughout the three years preceding the filing of this action, Defendant failed to pay Plaintiff and the FLSA Overtime Collective Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, including for "on call" hours and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings that are compensable under the FLSA.

54. This violates 29 U.S.C. § 207(a), which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

55. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the FLSA Overtime Collective Class overtime wages in violation of the FLSA.

56. Plaintiff and the FLSA Overtime Collective Class suffered wage losses as a result of Defendant's violations of the FLSA.

**THIRD CLAIM FOR RELIEF:**
**FAILURE TO PAY AGREED-UPON WAGES**
**IN VIOLATION OF WISCONSIN LAW**

57. Plaintiff, on his own behalf and on behalf of the Wisconsin Agreed-Upon Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

58. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.001(6), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(2).

59. Plaintiff and Wisconsin Agreed-Upon Wage Class are or were employees of Defendant within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 103.455, and Wis. Stat. § 109.01(1r).

60. As alleged above, at times during the two years preceding the filing of this action, Defendant failed to pay Plaintiff and the Wisconsin Agreed-Upon Wage Class at their agreed-upon rate for all hours worked "on ambulance."

61. The foregoing conduct, as alleged, violates Wis. Stat. § 109.03.

62. Defendant's violations of Wisconsin law were for dilatory and/or unjust reasons.

## FOURTH CLAIM FOR RELIEF:
## FAILURE TO PAY REGULAR AND MINIMUM WAGES IN VIOLATION OF WISCONSIN LAW

63. Plaintiff, individually and on behalf of the Wisconsin Regular and Minimum Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

64. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stats. §§ 103.001(6) and 109.01(2).

65. At all relevant times, Plaintiff and members of the putative Wisconsin Regular and Minimum Wage Class were Defendant's employees within the meaning of Wis. Stats. §§ 103.001(5) and 109.01(1r).

66. Wis. Admin. Code § DWD 272.12(1)(a)(1) requires employers to pay employees "for all time spent in 'physical or mental exertion (whether burdensome or

13

not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business.'"

67. Wis. Admin. Code § DWD 272.12(2)(b)(2) and (4) requires employers to pay employees for "on duty" and "on call time" where the employee is engaged to wait, including when an employee is required to remain on the employer's premises or so close thereto that they cannot use the time effectively for their own purposes.

68. As alleged above, at times during the two years preceding the filing of this action, Defendant failed to pay Plaintiff and the Wisconsin Regular and Minimum Wage Class at their regular or minimum wage rate for all work-hours pursued necessarily and primarily for the benefit of Defendant, including "on call" hours where they were engaged to wait and required to remain on the employer's premises or so close thereto that they could not use the time effectively for their own purposes, and including cleaning, administrative meeting, and training work-hours, that are compensable under Wisconsin law.

69. The foregoing conduct, as alleged, violates Wis. Stat. § 109.03, Wis. Stat. § 104.035, and Wis. Admin. Code §§ DWD 272.12(1)(a), (2)(b)(2), and (2)(b)(4).

70. Defendant's violations of Wisconsin law were for unjust or dilatory reasons.

### FIFTH CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME IN VIOLATION OF WISCONSIN LAW

71. Plaintiff, individually and on behalf of the Wisconsin Overtime Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

72. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2).

73. Plaintiff and the Wisconsin Overtime Wage Class are or were employees of Defendant within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.015.

74. Plaintiff and the Wisconsin Overtime Wage Class are not exempt from the overtime pay requirements of Wisconsin law.

75. As alleged above, throughout the two years preceding the filing of this action, Defendant failed to pay Plaintiff and the Wisconsin Overtime Wage Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

76. This violates Wis. Admin. Code § DWD 274.03, which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, including for "on call" hours and time spent at mandatory scheduled on-site cleaning, trainings, and administrative meetings, that are compensable under Wisconsin law.

77. This also violates Wis. Stat. § 109.03, which requires payment of all earned wages within 31 days of when they are earned.

78. Defendant's violation of Wisconsin law was dilatory and unjust.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Plaintiff, on his behalf and on behalf of all members of the FLSA Minimum Wage Collective Class, the FLSA Overtime Collective Class, the

Wisconsin Agreed-Upon Wage Class, the Wisconsin Regular and Minimum Wage Class, and the Wisconsin Overtime Wage Class, requests the following relief:

A. An order designating this action as a collective action and authorizing issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Minimum Wage Collective Class and the FLSA Overtime Collective Class;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Agreed-Upon Wage Class, the Wisconsin Regular and Minimum Wage Class, and the Wisconsin Overtime Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3);

C. An order designating Anthony Anglin as representative of the Wisconsin Agreed-Upon Wage Class, the Wisconsin Regular and Minimum Wage Class, and the Wisconsin Overtime Wage Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E. An order declaring that Defendant maintained illegal pay policies and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F. An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment against Defendant in the amount equal to Plaintiff's, the FLSA Minimum Wage Collective Class's, the FLSA Overtime Collective Class's, the

Wisconsin Agreed-Upon Wage Class's, the Wisconsin Regular and Minimum Wage Class's, and the Wisconsin Overtime Wage Class's unpaid back wages at the applicable minimum, regular, and overtime rates;

I. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage and hour laws;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional claims; and

L. Any further relief as the Court deems just and equitable.

Submitted on this 27th day of October, 2025.

    Attorneys for the Plaintiff

    By: *s/ David C. Zoeller*
    **HAWKS QUINDEL, S.C.**
    David C. Zoeller, State Bar No. 1052017
    Email: dzoeller@hq-law.com
    Natalie L. Gerloff, State Bar No. 1117798
    Email: ngerloff@hq-law.com
    Connor J. Clegg, State Bar No. 1118534
    Email: cclegg@hq-law.com
    Post Office Box 2155
    Madison, Wisconsin 53701-2155
    Telephone: (608) 257-0040
    Facsimile: (608) 256-0236